

FILED & ENTERED

OCT 12 2012

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY harraway DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>Rolando H Martinez<br>Claudia G Martinez<br><br><br>                              Debtor(s). | CHAPTER 13<br><br>Case No.:  1:10-bk-23986-MT<br>Adv No:   1:11-ap-01131-MT |
| Heritage Pacific Financial, LLC<br><br>                              Plaintiff(s),<br><br>    v.<br><br>Rolando H Martinez<br><br>                              Defendant(s). | **MEMORANDUM OF DECISION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br><br>Date:        May 9, 2012<br>Time:        1:00 p.m.<br>Courtroom: 302 |

On October 24, 2006, Rolando Martinez ("Defendant") signed a loan application with BSM Financial, LP, dba Brokersource, seeking approval of a $90,000 loan to purchase real property located at 10027 Lemona Avenue, Mission Hills, CA 91344 ("Subject Property").  The original lender conducted what Heritage Pacific Financial, LLC ("Plaintiff") has described as its customary due diligence in verifying information contained on the original loan application ("the Application"), and as a result checked Defendant's credit scores.  The loan documents were signed on October 24, 2006.  The Subject Property was foreclosed on in 2008, and Plaintiff purchased the interest in the junior lien in 2010.

Defendant filed a voluntary chapter 13 bankruptcy on November 3, 2010.  On February 10, 2011, Plaintiff filed a complaint seeking nondischargeability for fraud under § 523(a)(2)(A) and for the use of a false statement in writing under § 523(a)(2)(B) ("the Complaint").  Defendant filed a motion for summary judgment on January 30, 2012 ("the Motion").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Complaint alleges that there were several false statements on the Application that Defendant signed, including that Defendant was self-employed as the owner of a restaurant called Paraiso del Mar ("Restaurant"), and that he was unmarried. Plaintiff's proof that Defendant did not own the Restaurant is that Debtor's Statement of Financial Affairs that was filed in his bankruptcy case does not include his alleged ownership of the Restaurant. Plaintiff also claims that Defendant never actually lived in the Subject Property as a primary residence, as indicated in the loan application.

**Standard**

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FRCP 56(c) (incorporated by FRBP 7056).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts that show a genuine issue for trial. Id. at 324. The court must view the evidence in the light most favorable to the nonmoving party. Bell v. Cameron Meadows Land Co., 669 F.2d 1278, 1284 (9th Cir.1982). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. Hector v. Wiens, 533 F.2d 429, 432 (9th Cir.1976). The inference drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Valadingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir.1989). Where different ultimate inferences may be drawn, summary judgment is inappropriate. Sankovich v. Insurance Co. of N. Am., 638 F.2d 136, 140 (9th Cir.1981).

**Defendant's Request for Judicial Notice**

Defendant requested in the Motion that the Court take judicial notice of the Financial Crisis Inquiry Commission's ("FCIC") conclusions that lending institutions were complicit in the foreclosure crisis by virtue of their issuance of stated income loans, which did not require any income verification. Defendant urges the Court to find that this was a subprime loan and, as such, Plaintiff could not have reasonably or justifiably relied on the information in the Application.

Federal Rule of Evidence 201 provides that "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

The FCIC excerpt is not admissible as to this specific loan and this specific lender. This report may be quite probative on the subprime issue in general, but the Court cannot, without expert testimony on lending standards for junior real property loans, find that this loan was a subprime loan. Furthermore, the conclusion drawn by the FCIC is a fact that may be subject to reasonable dispute. Even if the facts in the FCIC report are correct, the proponent of the request for judicial notice must present facts to tie the report to the particular loan in question. Without establishing this connection to the loan in question, making generalized conclusions as to the applicability of such reports is not sufficient. Exhibit A to Plaintiff's Motion is thus stricken.

//

## Analysis

Plaintiff's Complaint fails to distinguish which of Defendant's alleged misstatements (about employment, income, and intended use of the Property) fit within which provision of § 523(a)(2). The alleged misstatements regarding Defendant's marital status, and the use of the Subject Property as Defendant's primary residence will be evaluated under § 523(a)(2)(A), as they are not statements respecting Defendant's financial condition. The alleged misstatements regarding Defendant's ownership of the Restaurant, and the statements about his income must be evaluated under § 523(a)(2)(B) because the alleged misstatements relate to Defendant's financial condition.

### A.     Non-dischargeability under § 523(a)(2)(A)

Section 523(a)(2)(A) exempts from discharge any debt "to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). A creditor's claim of nondischargeability based on § 523(a)(2)(A) must satisfy five elements: (1) the debtor made a false statement; (2) the debtor knew the representation to be false; (3) the debtor made the representation with the intent to deceive the creditor; (4) the creditor justifiably relied on the representation; and (5) the creditor sustained damage resulting from its reliance on the debtor's representation. In re Slyman, 234 F.3d 1081, 1085 (9th Cir. 2000).

In the Motion, Defendant disputes the allegation that he did not live in the Subject Property as a primary residence and provides evidence that he did indeed use the Subject Property as his primary residence. Defendant explains the failure to include the Restaurant in his bankruptcy schedules was an oversight, because the Restaurant had been closed over two years prior to the filing of the bankruptcy. Defendant subsequently amended his Statement of Financial Affairs to include the Restaurant. Defendant contends that he is not a native English speaker and that he did not personally fill out the Application. Thus, any misstatements in the Application were not intentional and Defendant did not intend to deceive the lender.

Plaintiff counters in its Opposition to the Motion ("the Opposition") that Defendant's contention that he is an unsophisticated, monolingual borrower is belied by the amount of real estate activity that Defendant was engaged in over the time period in question. Plaintiff also alleges that Defendant did not include his income as an employee of Cordola Marble, Inc. ("Cordola Marble") on the Application, and the Restaurant ended up earning less than originally stated on the Application. Plaintiff's allegations regarding Defendant's employment with Cordola Marble and the earnings of the Restaurant were not raised in the Complaint, and appear for the first time in the Opposition.

In the Reply to the Opposition ("the Reply"), Defendant contends that the misstatement on the loan application omitting his employment at Cordola Marble, Inc. is evidence that Defendant did not personally fill out the application. Defendant argues that it is illogical that a party who was applying for a loan would omit an entire source of income that would make the applicant more likely to be approved for the loan.

#### 1.   Defendant's Marital Status

Plaintiff's allegation that Defendant misrepresented his marital status did not appear in the Complaint. Plaintiff first raised the issue of Defendant's alleged misrepresentation regarding his marital status in its Opposition to the Motion. Plaintiff alleges that Defendant misrepresented that he was single in the Application, when in fact he was married.

Defendant argues that Plaintiff has not shown that its predecessor relied on the information regarding Defendant's marital status when it made the loan. Plaintiff's own file is inconsistent and indicates that they did know that Defendant was married. For example, Defendant's spouse is listed on the Application under the section "Title will be held in what name(s)" and the loan document identifies Defendant as a married man. Such inconsistencies demonstrate that Plaintiff's predecessor did not rely on the checkbox labeled "single man."

A motion for summary judgment tests the sufficiency of the evidence as it pertains to genuine issues of material fact. Plaintiff has also not made a showing that Defendant's marital status was material to its predecessor's decision to approve the Application. Thus, any representation regarding Defendant's marital status provides no basis for a § 523(a)(2) claim.

## 2. Defendant's Use of the Subject Property as his Principal Residence

In the Motion, Defendant contends that he used the Subject Property as his principal residence from 2006 to 2008. Defendant submitted evidence that he changed his California driver's license to reflect that the Subject Property was his home address. Declaration of Rolando Martinez in Support of Motion for Summary Judgment; Defendant's Motion for Summary Judgment, Ex. J. Defendant also submitted evidence that his other creditors used the address of the Subject Property as Defendant's home address. Id., Ex. K. Lastly, Debtor submitted evidence that he received numerous billing statements at the Subject Property, and filed a police report when the Subject Property was burglarized in March 2008. Declaration of Rolando Martinez in Support of Reply to Opposition to Motion for Summary Judgment, Ex. 10 and 11.

The only evidence Plaintiff submitted to controvert Defendant's Declaration is that Defendant purchased another piece of property ("the Haskell Property") that he claimed was his primary residence one month before he purchased the Subject Property. Plaintiff invites the Court to make the inference that Defendant's intent was to profit from the Subject Property while residing in the Haskell Property.

When ruling on a Motion for Summary Judgment, the Court must consider "all of the evidence, and all of the inferences reasonably drawn therefrom, and must view such evidence in the light most favorable to the non-moving party." See Aguilar v. Atlantic Richfield Co., 25 Cal. 4th 826, 856 (2001). Plaintiff's loan file itself shows that Plaintiff's predecessor was aware that Defendant had been attempting to refinance the Haskell Property in the month before he applied for the loan to purchase the Subject Property. Plaintiff attached to the Opposition a letter from Defendant with a fax date stamp of October 12, 2006 wherein Defendant states that the inquiries on his credit report that occurred during the prior three months were due to his "shopping for a lender for the refinance of [his] previous home for the down payment of [his] new home." See Plaintiff's Opposition to Defendant's Motion for Summary Judgment, Ex. N.

Given that Plaintiff's predecessor knew of Defendant's actions with respect to the Haskell Property, coupled with the uncontroverted evidence that Defendant presented to show that he used the Subject Property as his principal residence, Plaintiff's proposed inference is not reasonable.

For the reasons stated above, Defendant established that he used the Subject Property as his principal residence. Thus, the statement that Defendant intended to use the Subject Property as his principal residence was not a false statement, and there is no genuine issue as to this fact.

**B.     Non-dischargeability under § 523(a)(2)(B)**

Section 523(a)(2)(B) exempts from discharge any debt obtained by the use of a statement in writing that is:

>i) materially false;

>ii) respecting the debtor's or an insider's financial condition;

>iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

>iv) that the debtor caused to be made or published with intent to deceive.

11 U.S.C. §523(a)(2)(B).

The Ninth Circuit Court of Appeals has articulated this section of the bankruptcy code as seven separate requirements: 1) a representation of fact by the debtor; 2) that was material; 3) that the debtor knew at the time to be false; 4) that the debtor made with the intention of deceiving the creditor; 5) upon which the creditor relied; 6) that the creditor's reliance was reasonable; and 7) that damage proximately resulted from the representation.  In re Candland 90 F.3d 1466, 1469 (9th Cir. 1996).

Section 523(a)(2) is composed of two different bases for relief—§ 523(a)(2)(A) and § 523(a)(2)(B). According to the Ninth Circuit, the two subsections "are mutually exclusive, the former referring to representations other than those respecting the debtor's financial condition and the latter referring specifically to written statements of financial condition." Eugene Parks Law Corp. Defined Benefit Pension Plan v. Kirsh (In re Kirsh), 973 F.2d 1454, 1457 (9th Cir. 1992). As discussed below, the two provisions have different standards for reliance by the party seeking to prevent the discharge.

When examining the element of reliance, there is a key difference between the articulated tests for subsection (a)(2)(A) and (a)(2)(B) -- subsection (A) employs a subjective standard, and subsection (B) an objective one.  The standard for fraud under subsection (A) requires that the standard from tort law be applied to the element of justifiable reliance; that "justification is a matter of the qualities of the particular plaintiff." Field v. Mans 516 U.S. 59, 70, 71 (1995).  Thus, for fraud under §523(a)(2)(A), we inhabit the particular mindset and circumstances of the plaintiff in question to determine whether or not a plaintiff is willfully blind to the potential for fraud presented to them.  Heritage Pac. Fin., LLC v. Trejo (In re Trejo), 2011 Bankr. LEXIS 4292, 14 (Bankr. N.D. Cal. Nov. 2, 2011).  Conversely, the standard for §523(a)(2)(B) is an objective one.  When examining the facts and circumstances surrounding the misuse of a statement in writing, the court will rely upon a community standard of what would constitute reasonable reliance.  Id.  This is a slight but crucial distinction in the analysis of each cause of action.

### 1.   Plaintiff's oral request to extend discovery to take Defendant's deposition

Plaintiff did not take Defendant's deposition to elicit testimony about the ownership of the Restaurant.  At the time that oral argument on the Motion for Summary Judgment was heard on April 11, 2012, Plaintiff argued to the Court that he requested to take a deposition from Defendant, but that Defendant did not appear.  Defendant contended that he was away on a construction job at the time the deposition was noticed.  Plaintiff did not re-notice the deposition or bring a motion to compel or extend the discovery deadline.  As of that April 11 hearing,

discovery had closed.  Plaintiff requested on the record that the Court reopen discovery to allow it to take Defendant's deposition.

Plaintiff's request for discovery is governed by Federal Rule of Civil Procedure 56(f), made applicable to these proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure, which provides, "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Fed. R. Civ. P. 56(f).

Under Federal Rule of Civil Procedure 56(f), a party opposing summary judgment may obtain denial or deferral of judgment upon demonstration of authentic need for, and entitlement to, an additional interval in which to marshal facts essential to mount opposition.  When considering a request for further discovery by a party opposing summary judgment under Fed. R. Civ. P. 56(f), the burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists and that it would prevent summary judgment. Qualls v. Blue Cross of California, Inc., 22 F.3d 839, 844 (9th Cir. 1994). "Moreover, the … court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past." Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir. 1995).

"A party seeking a Rule 56(f) continuance is generally required to demonstrate due diligence both in pursuing discovery before the summary judgment motion is made and in pursuing the extension of time after the motion is made." James Moore, et al., Moore's Federal Practice, 56.10 (3d ed. 2005), citing Nicholson v. Doe, 185 F.R.D. 134, 137 (S.D.N.Y. 1999) (district court denied plaintiff's Rule 56(f) request because plaintiff failed to explain why he could not have requested discovery in more than four months since he discovered identity of witness to be deposed, and time for service of discovery requests had recently expired). Rule 56(f) requires the party opposing summary judgment who claims to be unable to produce evidence in opposition to the motion to file an affidavit explaining:

1. the nature of the uncompleted discovery (i.e., what facts are sought and how they are to be obtained);

2. how those facts are reasonably expected to create a genuine issue of material fact;

3. what efforts the affiant has made to obtain those facts; and

4. why those efforts were unsuccessful.

Burlington Coat Factory Warehouse Corp. v. Esprit de Corp., et al., 769 F.2d 919, 926 (2d Cir., 1985), citing Paul Kadair, Inc. v. Sony Corp. of America, 694 F.2d 1017 (5th Cir. 1980); SEC v. Spence & Green Chemical Co., 612 F.2d 896, 901 (5th Cir. 1980) (party seeking discovery pursuant to Rule 56(f) must explain inability to obtain facts and demonstrate how postponement will correct problem; cannot rely on vague assertions regarding nature of facts to be discovered).

Plaintiff did not file a motion to compel discovery after Defendant allegedly failed to appear at a deposition.  Furthermore, the documents that were submitted by Defendant in support of the Reply, save for the commercial lease for the Restaurant, were public record, and could have been obtained by Plaintiff had it been diligent in pursuing all relevant documentation of Plaintiff's ownership of the Restaurant.  Plaintiff did not demonstrate due diligence in pursuing discovery.  Plaintiff did not comply with the Rule 56(f) requirement that its counsel file an

affidavit demonstrating sufficient facts to show that the evidence sought exists and that it would prevent summary judgment.

### 2.  Defendant's Ownership of the Restaurant

Plaintiff alleged in its Complaint that Defendant knowingly misrepresented the status of his employment.  In its Opposition to the Motion, Plaintiff clarified its position by alleging that Defendant misrepresented his income by claiming to be the self-employed owner of the Restaurant.  In the Application, Defendant represented that his gross monthly "Base Employment Income" as $22,500 from his ownership and operation of the Restaurant.  Plaintiff alleges that Defendant's failure to include the Restaurant on his Statement of Financial Affairs should lead the Court to infer that Defendant did not actually own the Restaurant.  Plaintiff contends that Defendant has not provided any documentary evidence to demonstrate that he actually owned the Restaurant.

Defendant counters that his ownership of the Restaurant is thoroughly documented by independent records held by relevant state agencies.  Defendant included in the Motion a printed copy of an online record from the California Department of Alcoholic Beverage Control that shows that the agency had Defendant as the primary owner of record for the period of April 22, 2005 through July 31, 2008.  Motion for Summary Judgment, Ex. E.  Defendant also submitted a printed copy of an online record from the California Board of Equalization that shows that a "tax and use" permit for the Restaurant had Defendant as owner of record until December 31, 2007.  Defendant argues that the reports of government records that he submitted demonstrate that he did in fact own and operate the Restaurant at the time he submitted the Application. Defendant also explained that he did not include the Restaurant in his Statement of Financial Affairs because the Restaurant had been closed for two years at the time he filed his chapter 13 petition. On March 9, 2012, Defendant amended his Schedule F and Statement of Financial Affairs to include the Restaurant.  Lastly, Defendant submitted with his Reply a copy of the lease for the Restaurant that names Defendant as the tenant.  Defendant's Reply to Plaintiff's Opposition, Ex. 1.

Defendant has adequately explained why he did not include the Restaurant in his bankruptcy schedules.  Plaintiff has not presented evidence to rebut Defendant's evidence that he in fact owned the Restaurant during the relevant time periods.  Debtor has also adequately explained how the Restaurant generated income, and the circumstances that led to Defendant's loss of his sources of income (i.e., the Restaurant's downturn in business and the loss of income from Cordola Marble).  See Declaration of Rolando Martinez in Support of Reply to Plaintiff's Oral Argument in Opposition to Motion for Summary Judgment.

For the reasons stated above, Defendant established that he owned the Restaurant. Defendant did not misrepresent to Plaintiff's predecessor that he owned the Restaurant. Therefore, there is no genuine issue of material fact in dispute as it relates to Defendant's ownership of the Restaurant.

### 3.  Defendant's Alleged Misstatements in the Application Regarding his Income

Plaintiff's allegation that Defendant misrepresented his income by not including his income earned from his employment with Cordola Marble did not appear in the Complaint. Plaintiff first raised the issue of Defendant's alleged misrepresentation regarding his employment with Cordola Marble in its Opposition to the Motion for Summary Judgment. Plaintiff alleges that Defendant misrepresented his income and employment by not including on the Application his employment with, and income earned from, Cordola Marble.  It is unclear

1    from the Complaint what Plaintiff is alleging was Defendant's misrepresentation as the Second
2    Claim for Relief merely states that Plaintiff is informed, believes and thereon alleges that
     Defendant "provided, prepared, caused to be prepared, false loan applications which misstated
     his employment, income, and/or intended use of the property as a primary residence."
3    Complaint, 6:20-22.

4        Plaintiff's claim for nondischargeability is based on fraud, and fraud must be pled with
5    particularity. Fed. R. Civ. P. 9(b). The Complaint, however, does not mention the failure of
     Defendant to include his income from Cordola Marble either as a basis for relief or otherwise.
6    Rather, the Second Claim for Relief only avers to a broad category of items that Defendant may
     or may not have misrepresented.   Plaintiff here is seeking nondischargeability on the basis of a
7    fraudulent misstatement of Defendant's financial condition, but it failed to plead this particular
     statement in the complaint with particularity. The Complaint does not mention Defendant's
8    failure to disclose this particular source of income. Indeed, Defendant's Motion focuses on
     Defendant's ownership of the Restaurant only because Plaintiff's Response to Defendant's
9    Interrogatory #1 clarified Plaintiff's position as to what Defendant's alleged misstatement
     actually was, i.e. his ownership of the Restaurant.  Thus, the question is whether the Court can
10   entertain arguments not made in the Complaint when deciding a Motion for Summary
     Judgment.
11

12              The real issue, of course, is not whether legal theories may be
                pleaded but whether the original theory may be discarded or
13              augmented and recovery had on some other theory. The federal rules,
                and the decisions construing them, evince a belief that when a party
14              has a valid claim, he should recover on it regardless of his counsel's
                failure to perceive the true basis of the claim at the pleading stage,
15              provided always that a late shift in the thrust of the case will not
                prejudice the other party in maintaining a defense upon the merits.
16              Undoubtedly cases can be imagined in which an alteration in legal
                theory would work to the prejudice of the opposing party in a way that
17              cannot be rectified by an appropriate court order. But such cases are
                very rare and the district court always can invoke its discretion under
18              Rule 15 to prevent a change in the theory of the action or to permit the
                amendment on appropriate terms to mitigate or eliminate any
19              possibility of prejudice.

20   5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1219 (3d ed. 2012).

21       Plaintiff's vague allegation in the Complaint that Defendant "misstated his employment,
     income, and/or intended use of the property..." raised the issue of Defendant's statements
22   regarding his income and employment.  At summary judgment stage the Court is not limited to
     the Complaint, and must consider all pleadings, depositions, answers to interrogatories, and
23   admissions on file.[1]    Plaintiff's argument in its opposition to the Motion with respect to
     Defendant's failure to include his income from Cordola Marble arguably refines an existing
24   theory.  The Court will consider Plaintiff's claims regarding Debtor's alleged failure to include his
     income from Cordola Marble as income is a critical item in a loan application.
25

26   _____

27   [1] Plaintiff's claim related to Debtor's alleged misstatement of his income and employment may
     not have met the heightened pleading standard for fraud under Fed. R. Civ. P. 9(b), and would
28   likely have been subject to attack if a motion had been made under Fed. R. Civ. P. 12(b)(6).
     Such a motion would have ferreted out the weaknesses in the Complaint at a much earlier
     stage.

### 4. **Defendant's Intent to Deceive Plaintiff's Predecessor**

Defendant argues in his Motion that Defendant's omission of his employment with Cordola Marble leads to the inference that Defendant did not prepare the loan application himself. Defendant contends that there is no logical reason why a person applying for a loan would purposefully omit an additional source of income that would likely increase his or her chances of being approved for the loan. It is Defendant's position that he, a non-native English speaker, submitted all of his income information to the loan officer and relied on the loan officer to accurately input the information on the Application. Defendant asserts that the only reasonable inference to be drawn from these facts is that Defendant did not intend to deceive Plaintiff's predecessor when he signed the Application that did not include his income from Cordola Marble.

Plaintiff counters in its Opposition that Defendant's contention that he is an unsophisticated, monolingual borrower is belied by the amount of real estate activity that Defendant was engaged in over the time period in question. Plaintiff argues that the Court, in making all reasonable inferences in favor of the non-moving party, should infer that Defendant purposefully failed to include his income from Cordola Marble in order to deceive Plaintiff's predecessor into issuing him the loan.

Even if Defendant was unaware of any misstatements or omissions in the Application, it would not relieve him of liability under § 523(a)(2)(B). Because Defendant executed various legal documents, and certified that the information in the Application was true and correct, he is ultimately responsible for the statements made therein. See Tovar v. Heritage Pacific Financial, LLC (In re Tovar), 2012 Bankr. LEXIS 3633, *35-36 (B.A.P. 9th Cir., Aug. 3, 2012).

Thus, while the Court can find at this stage that Defendant misstated his income when he failed to have the loan officer include his income from Cordola Marble, the inquiry does not end there. The Court, on the record before it, cannot determine if Defendant intended to deceive Plaintiff's predecessor when he failed to have the loan officer include his income from Cordola Marble. Any determination of Defendant's intent would need to be based on an evaluation of his trial testimony. There remains a genuine issue of material fact as to whether the omission was intentional, or merely an oversight by Defendant.

### 5. **Reasonable Reliance on the Statements re Income in the Application and the Proximate Cause of Damages**

Defendant further argues that, even if a fraudulent statement was made, Plaintiff has not demonstrated that its reliance on such statements was reasonable, as required by § 523 (a)(2)(B). Defendant has specifically underscored the fact that the Application and the loan documents were executed on the same day. See Complaint, Ex. A and Ex. B. Furthermore, Defendant argues that there are several inconsistencies between the information in the Application and the loan document itself. For example, the Application lists Defendant as an unmarried man, but the loan document states that the borrower is Rolando Martinez, a married man. The Application also states that title to the Subject Property would be held in the names of Rolando Martinez and Claudia Martinez. Defendant argues that Plaintiff's failure to even inquire as to these inconsistencies demonstrates that Plaintiff's predecessor could not have reasonably relied on the information in the loan application when it approved the loan.

The Application informs applicants that "self-employed borrower(s) may be required to provide additional documentation such as tax returns and financial statements." Complaint, Ex. A, p. 2. Plaintiff's Opposition includes additional documents that were presumably requested by the lender when Defendant applied for the loan. See Plaintiff's Opposition to Defendant's

1    Motion for Summary Judgment, Ex. L, M, and N; See also Defendant's Motion for Summary
2    Judgment, Ex. C and I.

3         The speed with which this loan was approved, and that an entire source of additional
     income was left off of the loan application, indicates that Plaintiff likely did not conduct even a
4    minimal amount of due diligence when approving Defendant's loan.  The standard for
     reasonable reliance under §523(a)(2)(B) is an objective one.  When examining the facts and
5    circumstances surrounding the misuse of a statement in writing, the Court must apply a
     community standard of what would constitute reasonable reliance.  Plaintiff attached the
6    declaration of John M. Davis, who was a branch manager employed by Plaintiff's predecessor,
     BSM Financial, during the time when Defendant applied for the loan.  Mr. Davis states only that
7    "[c]onsistent with standard mortgage lending practices, [BSM] relied on the information provided
     by the applicant-borrwer in his loan application throughout all stages of the underwriting
8    process."  Declaration of John M. Davis in Support of Plaintiff's Supplemental Brief in Support of
     its Opposition to the Motion for Summary Judgment, 1:16-18.  What Mr. Davis does not
9    mention, and Plaintiff provides no evidence of, is whether it was standard lending practice within
     the community to approve a loan within 24 hours of the application being completed, without
10   verifying the information contained therein.

11        Mr. Davis provides no statement at all as to what reliance the lender would have put on
     knowing about an additional source of income.  Mr. Davis does not state how knowledge of
12   more income would have adversely affected the lending decision.  Plaintiff has put forth no
     evidence about how the omission of the Cordola income induced its predecessor's reliance.
13

14        Plaintiff has also not provided any evidence to show how the omission of the Cordola
     income caused damage to its predecessor.  Presumably, an additional source of income would
15   have made Defendant a more creditworthy borrower.  Plaintiff has not stated a reason that not
     including Defendant's income from Cordola Marble inured to the detriment of Plaintiff or its
16   predecessor.

17        Plaintiff has not provided any evidence of the reasonableness of any reliance on this
     item, nor how the omission damaged it or its predecessor.  There is simply no indication in its
18   evidence of why this alleged misstatement mattered.  Thus, Plaintiff's claim for
     nondischargeability under § 523(a)(2)(B) must fail, and Defendant is entitled to judgment as a
19   matter of law.

20
     **Conclusion**
21

22        In each successive pleading, Plaintiff put forward new allegations of false statements by
     Defendant: (1) the Complaint alleged that Debtor misstated information in regards to his
23   employment, income and/or use of the subject property as his primary residence, specifically
     that Defendant did not use the property as his primary residence; (2) the Opposition to the
24   Motion for Summary Judgment then raised the issue of Defendant's alleged non-ownership of
     the Restaurant; and (3) Plaintiff then argued in the Supplemental Brief in support of the
25   Opposition that Defendant misstated his income by not including the income he earned from
     Cordola.
26

27        The Court has done its best to parse the moving targets of Plaintiff's varying allegations
     as to what specific misstatements Defendant made in connection with the loan at issue.  At the
28   summary judgment stage, the claimant is required to show the evidence it would present at trial
     to support its claim.  Plaintiff has failed present evidence to support its claims, even though the
     Court thoroughly sifted through the pleadings, and allowed the parties to submit supplemental
     briefing.  See Forsberg v. Pac. Northwest Bell Tel. Co., 840 F.2d 1409, 1418 (9th Cir.1988)

("The district judge is not required to comb the record to find some reason to deny a motion for summary judgment.").

For the reasons stated above, Defendant's motion for summary judgment is granted.  Defendant shall submit an order in accordance with this ruling.

###

DATED: October 12, 2012

_Maureen A. Tighe_

United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled MEMORANDUM OF DECISION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1.   SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** – Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of October 12, 2012, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

Brad A Mokri      amirmokri1@yahoo.com, gmokrilaw@yahoo.com
Kevin T Simon      kevin@ktsimonlaw.com
United States Trustee (SV)      ustpregion16.wh.ecf@usdoj.gov

☐  Service information continued on attached page

**2.   SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

☐  Service information continued on attached page

**3.   TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐  Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                          **F 9021-1.1.NOTICE.ENTERED.ORDER**